COMMONWEALTH *vs.* EDWARD H. OAKES.

Essex.    November 1, 1904. — November 23, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Evidence,* Competency.

At the trial of an indictment for uttering a forged promissory note, the defendant, who was the chief of police of a certain town, in order to discredit one R., the principal witness for the government, introduced evidence tending to show hostility of R. toward the defendant.   The government then put in evidence to the effect that R. was trying to get possession of a hotel which had been leased to persons for whom the defendant was manager, and evidence that the defendant said that he wanted R. to take possession of the property and run it, and that "he need not be afraid of being arrested for illegal sales of intoxicating liquors." The jury were instructed that the evidence was admissible only to show an attempt on the part of the defendant to conciliate R.   *Held,* that the evidence was admissible for the purpose to which it was limited by the instruction.

LATHROP, J.    This is an indictment charging the defendant with knowingly uttering a promissory note for $900, the indorsement of a third person being forged.   At the trial in the Superior Court a verdict of guilty was returned, and the case is before us on the defendant's exceptions to the admission of certain evidence.

The government had introduced evidence to show that the defendant had uttered the note as charged in the indictment, and there was evidence on the part of the defendant to the contrary. The principal witness for the government was one Roberts, who gave material evidence.   The defendant sought to discredit Roberts in various ways, and introduced evidence tending to show hostility on the part of Roberts toward him.   The government was then allowed to put in evidence a conversation between

one Curry, an attorney at law, and the defendant, by which it appeared that Roberts was endeavoring to get possession of some real estate, on which was a hotel, which had belonged to his wife of whose estate he was administrator, and which had been leased to certain persons for whom the defendant was acting as manager. In this conversation it was testified that the defendant, who was chief of police in Revere, where the land was situated, said that he wanted Roberts to take possession of the property and run it, and " he need not be afraid of being arrested for illegal sales of intoxicating liquors." The jury were instructed that the evidence was admissible only to show an attempt on the part of the defendant to conciliate Roberts. We are of opinion that the evidence was admissible for the purpose for which it was offered, and to which it was limited by the presiding judge.

The remaining exception relates to a conversation between the defendant and one Cole. We do not deem it necessary to consider this question at length. Taken by itself it amounted to but little, but taken in connection with the other evidence in the case we are of opinion that it was in the discretion of the presiding judge to admit it.

*Exceptions overruled.*

*J. H. Sisk (W. E. Sisk* with him,) for the defendant.
*W. S. Peters*, District Attorney, for the Commonwealth.